THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EVA BURNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV-20-1102-R |
| ) | |
| THE TEACHING MERMAID, LLC, ) | |
| A Florida Corporation and ) | |
| VAYTIERRE VALDES, individually, ) | |
| ) | |
| Defendants. ) | |

# ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. No. 8), to which Plaintiff filed a Response (Doc. No. 16). Upon consideration of the parties' submissions, the Court finds as follows.

In support of its motion Defendants cite Federal Rule of Civil Procedure 12(b)(2), asserting that the Court cannot exercise personal jurisdiction over them, because they are both domiciled in Florida and lack sufficient contacts to be sued in Oklahoma.

Plaintiff alleges trademark infringement and state law unfair competition claims based on the actions of Defendant, which Plaintiff contends infringed on her use of "The Teaching Mermaid." Plaintiff contends she started using the name in 2015 and opened a storefront on Teachers Pay Teachers in 2017. In 2018, Plaintiff became aware that Defendant Valdes was utilizing the same name on her Teachers Pay Teachers storefront. Ms. Burnett reached out to Teachers Pay Teachers per their terms and conditions and Teachers Pay Teachers contacted Defendant Valdes. As an apparent result of the outreach

by Teachers Pay Teachers Ms. Valdes changed her storefront name to "The Creative Mermaid." The logo affiliated with her storefront continued to have "The Teaching Mermaid," and, as a result, Plaintiff again reached out to Teachers Pay Teachers to inquire about a change.

Plaintiff subsequently discovered that although Defendant Valdes had changed the name of her storefront on Teachers Pay Teachers, she had purchased "The Teaching Mermaid" domain name and opened accounts on Instagram, Facebook, YouTube, and Amazon with that name. In July 2020, Plaintiff wrote a letter to Defendant Valdes requesting that she consider changing her Instagram profile name to avoid confusion. (Doc. No. 16-1).

Thereafter, on July 30, 2020 Defendant filed the paperwork for creation of a Florida limited liability corporation, "The Teaching Mermaid." The LLC filed an application to trademark "The Teaching Mermaid" on August 10, 2020. (Doc. No. 16-3). Shortly thereafter, in September 2020, Plaintiff Burnett filed an application for the same trademark. In October 2020, Plaintiff filed this action. Defendants contend the Court cannot exercise personal jurisdiction over them because they lack sufficient contacts with the forum state.

In assessing a motion to dismiss pursuant to Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir. 1984). Where, as here, the Court does not hold an evidentiary hearing before ruling on jurisdiction, "the plaintiff need only make a prima facie showing" of personal jurisdiction to defeat a motion to dismiss. *Id.* (citing *Am. Land Program, Inc. v. Bonaventura Uitgevers Maatschappij, N.V.,* 710 F.2d 1449, 1454

n.2 (10th Cir. 1983)). A plaintiff "may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co. of Can.,* 149 F.3d 1086, 1091 (10th Cir. 1998). To defeat the plaintiff's prima facie case, a defendant "must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). Factual conflicts arising from affidavits or other submitted materials are resolved in the plaintiff's favor. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

In support of their contention that dismissal is appropriate for want of personal jurisdiction, Defendants submitted the affidavit of Defendant Valtierre Valdes. (Doc. No. 10-1). Therein she avers that she is domiciled in Florida, that neither she nor The Teaching Mermaid, LLC, a Florida limited liability corporation, conducts business in Oklahoma. They do not advertise, solicit, or target Oklahoma, do not own property, have accounts or pay taxes here, and they are not registered to do business in the state. Beyond these averments, Defendants' affidavit makes no representations about the operation of The Teaching Mermaid, LLC, such as how and where items are available for sale. The concluding paragraph of her affidavit indicates that neither Defendant engaged in any significant or ongoing activities in Oklahoma.

This case involves claims under both federal law and state law, and jurisdiction rests on a federal question, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367. To determine whether a court may exercise jurisdiction over a defendant in a federal

3

question case, the court must examine (1) whether the federal statute confers jurisdiction by authorizing service of process on the defendant, and (2) whether the exercise of jurisdiction would violate due process. *See Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000). Neither party contends that the relevant trademark statute provides for nationwide service of process. Rather, both parties agree the Court must apply the law of the state of Oklahoma. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (holding that where neither federal act provided for nationwide service of process, Federal Rule of Civil Procedure 4(k)(1)(A) commands court to apply law of state in which district court sits).To obtain personal jurisdiction over a nonresident defendant, Plaintiff "must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (*quoting Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999)). Oklahoma's long-arm statute is co-extensive with the due process clause, and accordingly, the Court's analysis is a single inquiry. *See* Okla. Stat. tit. 12 § 2004(F).

Personal jurisdiction over Defendant is based on Defendant's contacts with Oklahoma. Contacts-based personal jurisdiction is either general or specific. *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017). Plaintiff does not argue that this Court may exercise general jurisdiction over Defendant. Accordingly, this Court's analysis shall focus on specific personal jurisdiction.

> Specific jurisdiction calls for a two-step inquiry: "(a) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so, (b) whether the defendant has presented a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" [*Old Republic*, 877 F.3d at 904] (quoting *Burger King*, 471 U.S. at 476–77, 105 S.Ct. 2174). The minimum contacts test also has two requirements: "(i) that the defendant must have 'purposefully directed its activities at residents of the forum state,' and (ii) that 'the plaintiff's injuries must arise out of [the] defendant's forum-related activities.'" *Id.* (quoting *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011)).

*C5 Med. Werks., LLC v. CeramTec GMBH*, 937 F.3d 1319 1323 (10th Cir. 2019). If the Plaintiff carries her burden of proof to show that each Defendant has minimum contacts with the forum state, then the court next asks if a Defendant "has presented a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.*

Plaintiff's contention that Defendants are subject to suit in this forum is premised solely on the parties' internet presence on a variety of websites.[1] There are no allegations that Defendant Valdes has been to Oklahoma and she denies targeting residents of Oklahoma or soliciting sales in the state. Defendants contend they do not engage in significant or ongoing activities in Oklahoma. Defendants contend that, even if general internet commerce constitutes purposeful direction of activity to Oklahoma for purposes of specific personal jurisdiction, exercising jurisdiction over them would offend traditional notions of fair play and substantial justice.

"[W]here the defendant deliberately has engaged in significant activities within a

---

[1] The parties do not distinguish in their briefs between the actions of Ms. Valdes as an individual and those of The Teaching Mermaid, LLC.

5

State, . . . he manifestly has availed himself of the privilege of conducting business there." *Old Republic*, 877 F.3d at 905 (quotation marks and citation omitted). Where, as here, the case is premised on internet-based activities, "emphasis [is] on the internet use or site *intentionally directing* his/her/its activity or operation *at* the forum state rather than just having an activity or operation accessible there." *Shrader v. Biddinger*, 633 F.3d 1235, 1240 (10th Cir. 2011).

> The Court must look to whether the "defendant deliberately directed its message at an audience in the forum state and intended to harm the plaintiff occurring primarily or particularly in the forum state." [*Shrader*, 633 F.3d at 1241]. Courts have recently focused on whether an internet sales transaction occurs between buyer and seller to determine whether the website owner is intentionally directing its activities or operations at the forum state. *See id; Otter Prod.*, 2019 WL 4736462, at *4; *see also Job Store, Inc. v. Job Store of Loveland, Ohio, LLC*, No. 15-cv-02228-PAB-KLM, 2016 WL 9735786, at *5 (D. Colo. Sept. 7, 2016). With cases involving internet sales transactions, rather than the operation of a website alone, courts have held that "a defendant's use of a website to conduct business in the forum state, such as having a website that" customers in the forum state have accessed and on which the customers have purchased the alleged infringing product, provides a basis for a court's exercise of personal jurisdiction. *See PopSockets*, 2019 WL 7168661, at *3 (citations omitted).

*Onyx Enterprises Int'l Corp. v. Sloan Int'l Holding Corp.*, No. 19-cv-2992-DDD-KLM, 2020 WL 1958414, * 4 (D. Colo. Mar. 26, 2020).

Purposeful availment may be shown where an out-of-state defendant causes its product to be distributed in the forum state. *See, e.g., Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774-75 (1984). However, Plaintiff presents no evidence that Defendants actually caused their products to be sold in Oklahoma. There is no record of any sales via Teachers Pay Teachers or Defendant's social media to persons in Oklahoma. The cases cited by Plaintiff emanating from this jurisdiction in support of personal jurisdiction can

be distinguished on this basis. In short, Plaintiff's allegations and evidence are insufficient to support a prima facie case that either Defendant purposefully directed activities at Oklahoma and that her injuries arose out of their forum-related activities.

Additionally, although jurisdiction may be properly asserted over a defendant who directs its tortious conduct toward the forum state, knowing the effects of the conduct will cause harm, *Calder v. Jones*, 465 U.S. 783, 789–90 (1984), here there is no indication that either Defendant engaged in such conduct. The evidence submitted by Plaintiff indicates that on July 14, 2020 she e-mailed a letter to Defendant Vaytierre Valdes. In the letter Plaintiff indicates the prior confusion regarding the Teachers Pay Teachers website because both Plaintiff and Defendant Valdes had stores called "The Teaching Mermaid." Plaintiff requested that Defendant consider changing her profile name on Instagram from "The Teaching Mermaid." Plaintiff did not, however, identify in the letter that she was from Oklahoma. Additionally, the first reference to Oklahoma in the current record is September 2020, when Plaintiff first filed to register "The Teaching Mermaid." Accordingly, any search by Defendant of the filings at the USPTO would not have revealed that Plaintiff was domiciled in Oklahoma. Similarly, there is no indication that the request by Teachers Pay Teachers that Defendant Valdes change the name of her storefront informed Defendant of Burnett's location.

The vague allegation that Plaintiffs sold products to persons in Oklahoma is insufficient to permit this Court to exercise personal jurisdiction over either Ms. Valdes or The Teaching Mermaid, LLC. Accordingly, the Court hereby DISMISSES Plaintiff's Complaint against both Defendants, whose Motion to Dismiss is GRANTED.

**IT IS SO ORDERED** this 7th day of January 2021.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE